PHILLIP A. TALBERT
Acting United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-00190 TLN |
| Plaintiff, | UNITED STATES'S BRIEF FOR DETENTION HEARING |
| v. | DATE: October 5, 2016 |
| JEFFREY MILES HAYES, | TIME: 2:00 p.m. |
| Defendants. | COURT: Hon. Allison Claire |

Defendant Jeffrey Hayes is a repeat sex offender. He was convicted of distributing child pornography in 2009 by the State of California, and there is probable cause to believe that he received child pornography in this case. In addition, Hayes has a documented history of hands-on offenses against children. For these reasons, as discussed in more detail below, there is no condition or combination of conditions that can reasonably assure the safety of the community if Hayes is released. Accordingly, the Court should order Hayes detained.

## I.     BACKGROUND

In approximately June 2016, the Federal Bureau of Investigation and the Sacramento County Sheriff's Department received two reports from Tumblr stating that between April 16 and 18, 2016, an individual had posted images of child pornography to two Tumblr blogs. The reports indicated that the Tumblr blogs had screen or user names of "boblikesthemyoung" and "Its-Still-Bob." The associated email addresses were BOBISBACKAGAIN@gmail.com and BOB_IS_BACK@gmail.com. Tumblr

also provided a sampling of images and indicated that the files had been posted to both blogs from the same IP Address, ending in "101.6."

According to AT&T records, this IP Address was registered to 2117 24th Street, Sacramento, California, on the dates and times that the child pornography was posted to Tumblr.  A records check revealed that Hayes, a registered sex offender, lived at the 24th Street address.

Law enforcement executed a search warrant on Hayes's residence on August 3, 2016.  In relevant part, they seized a laptop computer and an iPad that Hayes indicated belonged to him.  Both contained child pornography.  Hayes informed law enforcement that he also had a cell phone that he used to access the Tumblr blogs, but that he had left his phone at work.

The laptop contained five images of child pornography in the temporary internet files.  The file location shows that the files were accessed on the internet, but were not saved on the laptop.  The file creation dates were July 20, 2013, November 27, 2013, and November 27, 2014.  Hayes told law enforcement that no one else used his laptop, and that the Sacramento Police Department returned the laptop to him in approximately 2013, after his prior conviction for distribution of child pornography.

A forensic review of the iPad revealed attribution evidence showing that the iPad was used by Hayes.  For example, the iPad contained a Facebook account registered to "Jeff Hayes"; a Chase banking app with a login name of "JMHayesXX"[1]; and contained emails addressed to Hayes.  In addition, the iPad was connected to four email accounts, each of which Hayes had identified as his email address.  The email addresses included sach20guy@gmail.com and JH@brookcrestwater.com (Hayes's work email address).  The iPad also contained the Telegram app—an app that allows users to exchange chats that self-destruct—registered to "Bob Ross" and Hayes's telephone number.

The iPad contained over 2,000 images of child pornography.  The images were located within the Kik messaging application in chats dated between March and August 2016.  Kik is an application that allows its users to chat with other individuals, or groups of up to 50 people.  Users can exchange messages as well as pictures and videos.  The Kik account on the iPad was registered to a "Bob King" with the username "goodandyoung."  The account had a profile picture of a young girl, who appears to

---

[1] The XX's are used in place of numbers so as to protect Hayes's username.

1   be no older than nine years old, wearing a t-shirt that says "I (heart symbol) COCK."

2        The Kik account contained both group and individual chats.  The chats explicitly discussed child

3   pornography and exchanged both images of child pornography and links to cloud storage accounts that

4   contained larger collections of child pornography.  User "Bob King" routinely began each individual

5   chat by telling others that he wanted videos and links only, no pictures; preferred 11 and under, or 7-11;

6   and that others had to send in order to receive.  The content of the chat messages makes clear that "Bob

7   King," *i.e.*, Hayes, knew that he was trading child pornography.  Referring to the content of a group

8   chat, he tells another user, "It goes in waves.  Before it was boys, it was toddlers…."  In the same chat,

9   he indicates that his favorite is "Girls 11 & under.  Fucking or orgasming.  English language."  In

10  another chat, user "Bob King" states, "No such thing as too young.  11 and under gets me off.  Any vids

11  where the girl is totally into it are gold!"  Finally, in a chat dated July 2016, "Bob King" appears to

12  solicit a purportedly female user to make her own child pornography to share with him.  In relevant part,

13  the chat states:

14      User A:        I would love to see the girl in your profile pic taking cock.  Oh I'm wet.

15      Bob King:     If you like seeing little girls take cock, you're my kind of girl.

16      Bob King:     I've added you to a few groups I belong to.  Enjoy, but don't forget about me.  If
17                    you have something of your own to share, it'll be kept in confidence.  I recently
18                    met a lady here that was making pics and vids for me with her own, and I
                      supplied her with stuff to feed her fantasies.  She disappeared though.  Looking
19                    for a new friend like her……lol.

20        Google records for the sach20guy@gmail.com account were obtained via a search warrant

21  signed by Sacramento County Superior Court Judge Steve White.  The records indicate that the account

22  is registered to "Jeff Hayes" and the subscriber information lists the same phone number that Hayes

23  listed in his sex offender registration.  The records showed numerous searches related to child

24  pornography between at least June 2014 and February 2016, including, searches for: hussyfan, sexy six

25  year olds, pregnant 8 year old, and best naked preteens.  There were also searches for "how to look for

26  young pics on Tumblr" and a visit to a forum titled "what-if-i-dont-want-to-store-child-porn."

27        Finally, Google records for sach20guy@gmail.com show a login to the account on August 3,

28  2016 from an IP Address ending in "182" just seconds apart from a login to the "Bob King" Kik account

UNITED STATES'S BRIEF FOR                                    3
DETENTION HEARING

from the same IP Address.  The location information indicates that both logins occurred near the location of Hayes's work, 1908 D Street, Sacramento.[2]  Notably, the IP Address belongs to Betternet.  Bettenet is a "Virtual Private Network" that allows a user to send and receive information (packets) via an encrypted network.  In other words, it allows users to browse the Internet anonymously.  The Betternet app was found on Hayes's iPad.

On September 29, 2016, a federal grand jury returned an indictment charging Hayes with receipt of child pornography.  An arrest warrant issued.  On September 30, 2016, Hayes was arrested and made his initial appearance before Judge Brennan.  Pretrial Services interviewed Hayes and recommended that he be detained.  The United States moved for detention arguing that Hayes is a danger to the community for many of the same reasons set forth in this motion.  Defense counsel moved for Hayes's release.  Ultimately, the detention hearing was continued to October 5, 2016, in order to provide defense counsel with additional time.

## I.       Legal Standard

Pursuant to the Bail Reform Act of 1984, if, after a detention hearing the court finds that there is "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the safety of any other person and the community, such judicial officer *shall order* the detention of the person before trial."  18 U.S.C. § 3142(e)(1) (emphasis added).  Under subsection (f), the court shall conduct a detention hearing on motion of the United States in cases that involves a crime of violence.  *See* 18 U.S.C. § 3142(f)(1)(A); 18 U.S.C. § 3156(a)(4) (defining crime of violence to include any felony under chapter 110).  The rules concerning the admissibility of evidence at trial do not apply to the presentation and consideration of evidence at a detention hearing.  18 U.S.C. § 3142(f).  The United States is permitted to proceed by proffer and to submit hearsay evidence with respect to issues of detention.  *See United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) (citing cases).  The United States is required to prove that the defendant poses a non-mitigable danger to the community through clear and convincing evidence.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  The United States is only required to prove flight risk by a

---

[2]  Location information may contain a 50-60 meter margin of error.

preponderance of the evidence.  *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

When, as here, there is probable cause to believe the defendant committed an offense involving a minor victim in violation of 18 U.S.C. § 2252(a)(2), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community.  18 U.S.C. §§ 3142(e)(3)(E).  Although the burden of persuasion remains with the prosecution, the presumption shifts the burden of production to the defendant.  *Hir*, 517 F.3d at 1086.

If a defendant proffers evidence to rebut the presumption of dangerousness, the court is instructed to consider four factors in determining whether the pretrial detention standard is met: (1) "the nature and circumstance of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the defendant;" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g)(1)-(4).  The presumption is not erased when a defendant proffers rebutting evidence; "rather, the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with'" the other relevant evidence.  *Hir*, 517 F.3d at 1086 (citation omitted).

## II.    ARGUMENT FOR DETENTION

Hayes should be detained because each of the statutory factors weigh in favor of detention.

### A.  Hayes Has a History of Exploiting Children and Therefore, His History and Characteristics Weigh in Favor of Detention

Hayes has a history of demonstrable sexual interest in children dating back to at least the mid-1990's.  Hayes is not only a registered sex offender with a prior conviction for distribution of child pornography, but is identified in two police reports as having committed hands-on offenses against children.

In 2009, Hayes's then girlfriend contacted the Sacramento Police Department to report that Hayes had given her a DVD containing child pornography.  In sum, Hayes wanted his girlfriend to watch the video while having phone sex.  Law enforcement reviewed the video and found that it contained males sexually molesting girls who appeared to be about eight years old.  The acts included digital penetration of the victims' vaginas and anuses, oral copulation, forcible penetration and bondage.  When Hayes's girlfriend became upset with the nature of the pornography, Hayes told her that the girls

UNITED STATES'S BRIEF FOR
DETENTION HEARING

in the video were enjoying it.  During this same phone conversation, Hayes told his girlfriend, that he was interested in incest, and that once her daughter moved out, they would have a daughter of their own to molest.  He told her that they could teach their daughter how to perform oral sex on him.  This report ultimately led to Hayes's 2009 California state conviction for distribution of child pornography.  He was sentenced to 180 days in jail and three years of probation.

During the 2009 investigation, Hayes's girlfriend further stated that she had previously dated Hayes and had lived with him for about six months, approximately four years earlier (2005).  She disclosed that she broke up with Hayes after she walked in on him masturbating over the head of her then 13-year-old daughter.  She indicated that she notified CPS, but that CPS did not take any action.

In addition to this hands-on offense, a 2004 police report documents prior offenses.  Specifically, the report states that a nine-year-old relative reported that Hayes masturbated to pornography in front of her.  During the course of the investigation, another relative, who was then 17 years old, reported that when she was about nine years old Hayes touched her vagina skin-to-skin, and then made her masturbate him to the point of climax.  The case was closed after the relative declined criminal prosecution.

During the investigation of the instant case, law enforcement found evidence that Hayes's laptop computer was used to view child pornography on the Internet as far back as July 2013.  Notably, this is not long after Hayes was released from state probation and had the laptop returned to him from the Sacramento Police Department.  Hayes admitted that he was the only person who used the laptop.

Hayes's history shows that he has a long-standing sexual interest in children, and one that he is willing to act upon.  Despite his prior conviction and encounters with law enforcement, Hayes continues to exploit children.  Accordingly, there is no condition or combination of conditions that can be imposed by the Court to reasonably assure the safety of the community.

**B.  The Nature and Circumstances of the Offense Charged, as well as the Weight of the Evidence Weigh in Favor of Detention**

In this case, Hayes is charged with receipt of child pornography.  Not only is this a serious offense, but the circumstances surrounding the offense demonstrate that Hayes's behavior presents a danger to the community.  The evidence shows that Hayes not only knowingly received child

UNITED STATES'S BRIEF FOR
DETENTION HEARING

pornography, but was an active trader who also distributed child pornography.  First, the evidence, including Hayes's admission, shows that Hayes posted child pornography to two Tumblr blogs.  Next, the Kik chat messages on Hayes's iPad contain over 2,000 images of child pornography as well as links to cloud storage accounts containing larger collections of child pornography.[3]  Notably, within the Kik chats, Hayes twice refers to himself as a "top trader" and routinely required others to send him child pornography that met his specific criteria before he would share his valued collection.  Finally, in one chat Hayes appears to solicit a woman to make child pornography to share with him.  Consequently, the nature and circumstances of this offense show a continued pattern of behavior that exploits children and poses a danger to the community.

   With respect to the weight of the evidence, it is the least important of the various factors. *Motamedi*, 767 F.2d at 1408 (explaining that the statute neither requires nor permits a pretrial determination that a person is guilty).  The statute requires it to be considered, however, "in terms of the likelihood" the defendant "will pose a danger."  *Id.*  Here, there is clear and convincing evidence that Hayes poses a danger.  The danger of his continued involvement with child pornography is serious in nature and causes the fourth and final statutory factor to weigh in favor of detention.

### C.  No Conditions Can Be Fashioned to Reasonably Assure the Safety of the Community

   There is no combination of conditions that can be fashioned to reasonably assure the safety of the community.  During his initial appearance on September 30, 2016, Hayes moved for release and indicated that he would agree to GPS monitoring.  GPS monitoring does not address the primary safety concern in this case, which is Hayes's access to electronic devices and, ultimately, child pornography.

   Hayes has a history of involvement with child pornography.  Neither his prior encounters with law enforcement nor his prior criminal conviction have dissuaded him from this illicit activity or enabled him to control his desire to exploit children.  Thus, his record suggests that he poses a danger of engaging in further criminal conduct regardless of any conditions the Court might impose.

   Moreover, in this case, the defendant used multiple portable devices to access child pornography and to contact other purveyors of child pornography: his laptop, iPad, and according to Hayes, his cell

---

[3] Law enforcement has reviewed the contents of some of the cloud storage accounts and is waiting to receive the contents of many more.

UNITED STATES'S BRIEF FOR
DETENTION HEARING

phone.  Hayes also took steps to avoid detection such as using the Betternet app, which enabled him to browse the Internet anonymously.  Further, the evidence suggests—and the defense admitted at the initial appearance—that the defendant has access to and uses computers at work.  Consequently, no set of conditions that the Court may impose to limit Hayes's access to computers would be meaningfully obeyed.

### III.   <u>CONCLUSION</u>

Each of the four statutory factors weigh in favor of detention.  The risk to the community is too grave to take a chance on Hayes's release.  For these reasons, and the reasons stated above, the Court should order Hayes detained until trial.

Dated:  October 4, 2016                                     PHILLIP A. TALBERT
                                                            Acting United States Attorney


                                                    By:  /s/ Shelley D. Weger
                                                         SHELLEY D. WEGER
                                                         Assistant United States Attorney