PHILLIP A. TALBERT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>JEFFREY HAYES,<br><br>                    Defendants. | CASE NO.  2:16-CR-00190 TLN<br><br>UNITED STATES' OBJECTION TO PRESENTENCE REPORT<br><br>DATE: November 2, 2017<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

The United States submits the following objection to the Presentence Report (PSR), ECF 40.

I.      **Two-Levels Should be Added for Vulnerable Victim Pursuant to U.S.S.G. § 3A1.1(b)**

The probation officer declined to apply the vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1(b) due to a misinterpretation that the application of § 2G2.2(b)(4) automatically precludes the application of the vulnerable victim enhancement even where a defendant possessed both sadistic/masochistic images and images depicting the sexual abuse of an infant or toddler (vulnerable victim). *See* ECF 40-2. The United States objects to this interpretation of the Guidelines and contends that both enhancements can, and should, be applied here.

        1.      The PSR's Failure to Enhance for Vulnerable Victims is Contrary to the Plain Language of the Guideline in Question

The Child Pornography sentencing guidelines contain an enhancement for sadistic or masochistic

U.S. OBJECTIONS TO PSR                                              1

abuse of a minor.  U.S.S.G. § 2G2.2(b)(4).  Prior to November 2016, the section read, in its entirety:

> (4) If the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by 4 levels.

U.S.S.G § 2G2.2(b)(4) (2015 Manual).

A number of courts, including the Ninth Circuit, had interpreted that subsection of the guidelines to permit the application of the 4-level enhancement not only for depictions of sadistic bondage, but also for non-bondage images if the victim was particularly young.  In *United States v. Rearden*, for example, the Ninth Circuit joined multiple other circuits in holding that images involving an adult male penetrating prepubescent children are sadistic or masochistic because the conduct depicted "necessarily hurt the child."  *Rearden*, 349 F.3d 608, 614–16 (9th Cir. 2003).  The sadistic nature of the material arose from the "adult male's pleasure at the expense of the child's pain," due to acts that were "necessarily painful" to the child.  *Rearden*, 349 F.3d at 615; s*ee also United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007).

In response to this line of cases, the Sentencing Guidelines manual was amended to explicitly allow for the four-level "sadism" enhancement for extremely young victims, even if the images are not otherwise sadistic in nature.  Therefore, since November 1, 2016, the applicable subsection reads:

> (4) If the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; **or (B) sexual abuse or exploitation of an infant or toddler**, increase by 4 levels.

U.S.S.G. § 2G2.2(b)(4) (2016 Manual) (emphasis added to show new language).

The bold clause in Section 2G2.2(b)(4) above is the portion that was added to bring the guidelines in conformity with *Rearden* and other cases.  Thus, the Guidelines Manual was amended last year to reflect the case law which allowed the application of the sadistic/masochistic enhancement either where the images depict sadistic and masochistic abuse or where they depict the abuse of extremely young children such as infants or toddlers.

Along with this addition to Section 2G2.2(b)(4), there is now a new application note, which reads:

> Interaction of Subsection (b)(4)(B) and Vulnerable Victim (§3A1.1(b)). — If subsection (b)(4)(B) applies, do not apply §3A1.1(b).

U.S.S.G. § 2G2.2, cmt. n. 4.  In other words, if a Court applies the new clause (the "infant or toddler"

clause) of Section 2G2.2(b)(4), the Court is not supposed to also apply the vulnerable victim enhancement in Section 3A1.1(b).

This application note does not, however, prohibit all cases of applying Section 2G2.2(b)(4) and Section 3A1.1(b) to the same defendant. The application note only tells the Court not to apply the vulnerable victim enhancement in Section 3A1.1(b) if the Court is using the new "infant or toddler" clause of Subsection (b)(4)(B). If the 4-level sadism enhancement applies on the basis of the old portion in subsection (b)(4)(A) – the "sadistic or masochistic conduct or other depictions of violence" clause – there is nothing in the new Application Note to prevent the Court from also applying the "Vulnerable Victim" enhancement as long as there are independent reasons to apply both enhancements.

In this case, there are independent reasons to apply both the 4-level "sadistic and masochistic conduct" and the 2-level "vulnerable victim" enhancements because the defendant "possessed images containing sadomasochistic conduct, as well as images of newborns." PSR ¶¶ 17, 29. As noted in Paragraph 29 of the PSR, the defendant's collection included an image showing a little girl, appearing no older than 10 years old, lying naked on the floor with her wrists and ankles bound with leather restraints. The leather restraints on her wrists were connected to chains that are pulling her arms up and away from her body. This is sadistic or masochistic abuse under Section 2G2.2(b)(4)(A). The PSR also notes the defendant's collection included a file showing a naked newborn girl lying on her back with an adult hand on either side of the infant's genitals, pulling the skin apart to expose the infant's vagina. A green clip, similar to those used to clamp off the umbilical cord after birth, appears above the infant's vaginal area.

Although one file depicting sadistic or masochistic conduct and one file depicting the abuse of a vulnerable victim are all that are necessary to apply both the 4-level enhancement for sadistic/masochistic conduct under Section 2G2.2(b)(4)(A) and the two-level enhancement for vulnerable victim under Section 3A1.1(b), the defendant's collection contained more than one sadistic/masochistic image and more than one image depicting the abuse of a vulnerable victim (infant/ toddler). For instance, the factual basis to the plea agreement describes a file, whose title ends in 502bee.jpg," that depicts an adult male penetrating a toddler's anus, i.e., the sexual abuse of a vulnerable victim. ECF 36. The factual basis to the plea agreement also describes a file, whose title ends in

f628.jpg, depicting what appears to be an adult male having vaginal intercourse with a prepubescent girl whose wrists and legs are bound with a white cloth, i.e., sadistic or masochistic conduct. ECF 36. In addition, the discovery contains other files, including file 14b72c05-6cda-4ce4-8b0b-0ea0715295b4.jpg showing a hand inserting a pink highlighter into an infant girl's anus, i.e., the abuse of a vulnerable victim, and file 9404ccb8-c2d7-445a-8b5d-c95e88daa5e6.jpg depicting a girl no older than approximately 9 years old, lying on her back, with her knees spread exposing her vagina, and with a clear plastic bag over her head and a thin rope tied around her neck and the bag, i.e., sadistic or masochistic conduct.

Because the defendant's collection contains at least one image depicting sadistic or masochistic conduct and at least one image depicting the sexual abuse of a vulnerable victim, the offense level computation should include the 4-level sadism enhancement pursuant to Section 2G2.2(b)(4)(A), and the vulnerable victim enhancement of Section 3A1.1(b) can (and should) apply separately from the sadism enhancement. The new application note does not prohibit the Court from applying both of these enhancements where, as here, there is both "sadistic and masochistic conduct" (bondage) and "vulnerable victims" (toddlers and infants, including newborn babies).

2. <u>The PSR's Failure to Enhance for Vulnerable Victims is Contrary to the Stated Intent of the Very Amendment that it Relies Upon</u>

The Sentencing Commission publishes guidance on why it amends the guidelines. In this case, the Commission added the explicit reference to infants and toddlers in Section (b)(4)(B) to resolve a circuit split as to whether toddlers and infants should be accounted for in the guidelines. U.S.S.G. Supplement to Appendix C, Amend. 801 ("This amendment resolves the circuit conflict by explicitly accounting for infant and toddler victims in the child pornography guidelines.") The Commission, after describing the changes made in the 2016 manual, then wrote: "the amendment reflects the Commission's view, based on testimony and public comment, that child pornography offenses involving infants and toddlers warrant an enhancement." U.S.S.G. Supplement to Appendix C, Amend. 801.

Thus, the PSR's treatment of the infant pornography in this defendant's collection clearly defies the stated intent of the Commission. Under the logic applied by the PSR in this case, if this defendant had declined to gather images of newborns and other infants and toddlers, his advisory guidelines would

have been unchanged.  The PSR acknowledges that the four-level enhancement for sadism applies on the basis of Subsection (b)(4)(A) for images containing sadomasochistic conduct, including the image of the naked girl whose wrists and ankles were bound and chained.[1]  If this defendant had collected nothing but images of naked girls who were bound and chained, but no images of toddlers or infants, the PSR would still recommend the exact same offense level, because every enhancement currently applied to this defendant would still apply.  The PSR's logic, then, is that in a world where all of these enhancements already apply to a defendant, a defendant who additionally collects images of babies or toddlers being sexually abused has zero impact on the advisory guidelines.  This is a fantastical reading of the guidelines, given that the stated purpose of the Commission was to use Amendment 801 to change this section to reflect their "view, based on testimony and public comment, that child pornography offenses involving infants and toddlers warrant an enhancement."  U.S.S.G. Supplement to Appendix C, Amend. 801.

If the Court agrees that the 2-level vulnerable victim enhancement should apply, the total adjusted offense level would be 47, and the total offense level, after a 3-level reduction for acceptance of responsibility, would be 44.  *See* PSR ¶ 40.  With a criminal history category of II, the advisory Guidelines range would be life.  PSR ¶ 47; U.S.S.G. Ch. 5, Pt. A cmt. n. 2.  The statutory maximum, however, is 40 years.

Dated:  October 19, 2017

PHILLIP A. TALBERT
United States Attorney

By:  /s/ SHELLEY D. WEGER
SHELLEY D. WEGER
Assistant United States Attorney

---

[1]  The parties stipulated in the plea agreement that the 4-level enhancement under Subsection (b)(4)(A) applies because the offense involved material that depicted sadistic and masochistic conduct or other depictions of violence.  ECF 36 at p. 10.